Good morning, Your Honors. Good morning, Counsel. I am Deborah Morales, the attorney for Peter Tsimbalyuk. I wanted to start by saying that I have not been able to locate my client, but I am prepared to proceed. I don't have authority to speak by my client, and I have not heard from him for over a year, but I did get Your Honor's decision on my motion, and so I am prepared to go forward. Well, until you're relieved as counsel, you do have authority to speak on his behalf, so. Well, I do have authority before the court, but I haven't seen him in a year. That's unfortunate. That's unfortunate. Anyway, I am ready to proceed. The issue in this case is whether Peter Tsimbalyuk has been convicted of an aggravated felony under the Immigration Act. He was charged with two bases of removability. One was the aggravated felony for possession of stolen property under a Washington statute. The other was for possession or for conviction of two crimes of moral turpitude. The Board of Immigration Appeals and the immigration judge relied only on the first charge, which was the fact that he was convicted of an aggravated felony based upon possession of stolen property under the Washington statute, and that's the issue here. The Board of Immigration Appeals, in its decision, they wrote their own decision about whether he is an aggravated felon, and that is what my argument is addressed to. In that case, in that decision, they relied upon their new case out of 2009 called Matter of Cardiel. And in Matter of Cardiel, they actually were talking about a different type of case that was not a possession of stolen property case. I think I should back up to say that under the case law of the Ninth Circuit, there is a definition of a generic theft offense for the purpose of an aggravated felony provision. And Matter of Cardiel has eviscerated that to a certain extent. In Gonzalez v. Duenas-Alvarez, the court has used the same, uses the same definition of generic theft that has been used for many years. A theft offense is defined as a taking of a property or an exercise of control with a criminal intent to deprive the owner of rights or benefits, even if such deprivation is less than total or permanent. In Matter of Cardiel, the Board of Immigration Appeals indicated that a conviction, the conviction that was at issue in that decision qualifies as a receipt of stolen property offense and is an aggravated felony regardless of whether it contains every element of a generic theft offense. Now, my argument is that the law of this circuit has elements that contain, that encompass a generic theft offense and that a conviction for an aggravated felony must contain all of the elements of a generic theft offense. The Washington statute here is different than the statute that was at issue in Matter of Cardiel and also at issue in two other cases, Verdugo and, well, Verdugo was the one that had been decided by the circuit. Those cases involve California Penal Code 496A. Now, 496A has language that says every person who buys or receives any property that has been stolen can be convicted under this statute. The Washington statute is different because the Washington statute just says, it doesn't have a word that constitutes a taking. It says possession of stolen property means knowingly to receive, retain, possess, conceal, or dispose of stolen property, knowing that it has been stolen, and to withhold or appropriate the same to the use of any person other than the true owner. So it doesn't have a word that means that somebody would take that. And when the immigration judge and the Board of Immigration Appeals is conducting the categorical approach, the analysis is required under Taylor v. U.S., it requires a comparison of the elements of the generic theft offense to the elements of the Washington statute. In the Washington statute, there is not an element of taking that is in that statute. There is an element of taking. Is it correct that there's an alternative ground that they found no basis for asylum in any event? Excuse me? Is there not an alternative ground that the I.J. found no cause for granting asylum? The I.J. did not grant asylum because he decided that Peter Sembeluk had been convicted of an aggravated felony. And he didn't find it any alternative? No. Well, he considered withholding of removal, and he considered convention against torture. The way I read it was he also considered asylum. Go ahead. The California statute has words that constitute a taking. The Washington statute does not. So if you conduct the categorical approach that's required under Taylor for the Washington statute, that element is missing. And where an element is missing, then it cannot be said to fit within the aggravated felony statute. On page 9 of the I.J.'s decision, he did say that he's ineligible. He didn't establish his eligibility under merits for asylum. Yes. But he did apply for other things that the judge did consider as well. Well, yeah, the judge said based on the application for asylum is denied, both on the ground of the respondent being an aggravated felony and also on the separate and independent basis of his not establishing his eligibility on the merits. So he did in the alternative say even if he weren't an aggravated felony, he would not establish eligibility for asylum. So that's what Judge Reinhart was asking you to address, the determination that he didn't qualify for asylum on the merits. Yes, well, he did not. And in that regard, there was a lot of testimony that was presented. I mean, there was expert testimony of Dr. Lemcio, who was a professor from Seattle University, that presented testimony on country conditions in Ukraine. The judge acknowledged that he heard and considered Professor Lemcio's testimony and that the professor said that Peter Simbaluk had reason to have an objective fear of persecution in that country should he return, but the judge just says in his opinion that he doesn't agree with him. He doesn't say why he doesn't agree with him, he just says he doesn't agree with him. And there are other incidents that were recounted by family members. He says, I do not disagree with the professor that there is no doubt religious harassment and discrimination, which goes on in the Ukraine, particularly in no doubt the smaller villages. However, I apply such case law, I was going to give some cases. In both of these cases, the court upheld denials of relief for other Pentecostal Christians from Ukraine. Then it goes on to analyze the cases. I mean, what seems to me what the IJ is saying is yes, there are some people in the Ukraine who maybe have had experiences which would warrant asylum, but that's not true of Mr. Simbaluk, that there was no threat to him, no personal experience, and that there is not asylum available automatically for every Pentecostal Christian. Well, he did say that, but it's kind of difficult to prove because Peter Simbaluk has not been in Ukraine since he was 14. And when he was 14, Ukraine was communist. And so the Lautenberg Amendment allowed the Pentecostals to come to this country because they were being persecuted as a whole at that time. The judge is saying that there's a different circumstance right now because it's not communist anymore. But as far as Peter's personal persecution, no, he doesn't have any because he's never returned. His mother returns. There's testimony that his mother returns every year. There's also testimony that there was a violent incident where a neighbor was beat up and then they took it to court in the Ukraine, and it turned out that the man was actually looking for the mother's house, but he had the wrong house. So there really haven't been any incidents that are directly connected to Peter Simbaluk because he came here as a child. But I think that Professor Lemcio's testimony about how the Pentecostals are still only 1 to 5 percent, they are a religious minority in the Ukraine, there still are incidents of violence directed to them, no matter how they are explained or discounted by the government. Those things still occur. And I think that Peter Simbaluk could receive withholding of deportation or he could receive Convention Against Torture, which requires more likely than not standard that he be tortured. But the withholding doesn't require torture, it requires persecution. And I think that there is evidence in the record that he would be persecuted. And Professor Lemcio's testimony substantiates that. Thank you. Your time is over. Oh, my time is over. Thank you very much, Your Honors. Good morning, Your Honors. May it please the Court. Laura Halliday Hicken for Attorney General Eric Holder. Here a petitioner is removable for having committed or been convicted of an aggravated felony, theft offense, including receipt of stolen property. Therefore, he is removable and he is ineligible for asylum and cancellation of removal. Further, no record evidence compels reversal of the Board's determination that the petitioner is ineligible for withholding of removal and cap protection. Turning first to the conviction, as Petitioner's Counsel noted, the generic definition includes... Are you relying solely on the conviction and not on whether he would otherwise be eligible for asylum? Petitioner is removable based on his aggravated felony. That's the initial determination. Then his eligibility for relief is a separate determination. He needs to be found an aggravated felon in order to be removable. He's also ineligible based on aggravated felony for asylum, although the immigration judge did say that he would not have found him eligible for asylum in any case. But here, he's removable based on his aggravated felony conviction. The generic definition includes a taking of property or an exercise or control of property. It's the exercise or control over property that is what we focus on in receipt of stolen property. This is consistent with both the Board's opinion in matter of Cardiel as well as this Court's opinion in Verdugo v. Gonzalez. In both of those cases, they consider it a California Statute 496A, but it's substantively similar to this Washington receipt of stolen property statute. The statutes require that the alien be knowingly in receipt or control of property and know that the stolen property is stolen. So it requires knowledge and an exercise of control. As the Board found, the two statutes really are substantively similar, the California statute and the Washington statute. So we disagree with Petitioner's Counsel that a taking is required for receipt of stolen property. Receipt of stolen property is included as a separate type of theft offense that doesn't require a taking. Otherwise, it wouldn't require a separate explanation of what it is, receipt of stolen property. So further, we find no evidence that the record evidence compels a finding that Petitioner is eligible for withholding or cap protection. Petitioner argued that the Board failed to consider the record evidence. That is clear from the Board's opinion that they did consider the record evidence. In addition, a presumption of regularity applies that the Board did indeed consider the evidence. Here we look not only to the Board's opinion but the immigration judge's because the Board affirmed the immigration judge's reasons as well. Petitioner does not identify what record evidence the Board overlooked, and Petitioner's Counsel does not identify what record evidence would actually compel reversal of the Board's decision. You know, this may just be a technical problem, but there's a gap in the Board's opinion. The Board says with respect to asylum and cancellation of removal that the conviction prevents that. Yes. Then the Board says with respect to withholding of removal and cap, the evidence doesn't support the probability of persecution and so on. The Board never says with respect simply to eligibility for asylum, putting the conviction to one side. The Board never says the evidence does not support asylum. Am I supposed to infer that because he can't satisfy withholding of removal, he necessarily can't satisfy asylum? No, that's the inverse. It would be that if you can't satisfy asylum, you necessarily can't satisfy withholding of removal. But here Petitioner's ineligible for asylum because he was convicted of an aggravated felony. You're not relying on the alternative statements by the immigration judge that he wouldn't be eligible for asylum in any event. No, Petitioner here has to have been. I think that's the question we have been trying to get at. You're only relying on the one ground. Sorry, yes. Because the Board didn't give that ground. The IJ did, but I don't think the Board did. The Board specifically affirmed the immigration judge merits decision with respect to the withholding of removal and cap protection claim. And Petitioner can't satisfy those claims here. The evidence, as I noted, there's been no evidence pointed out that would compel reversal. But the evidence simply does not compel reversal. Petitioner was never harmed in the Ukraine, and he has presented no evidence that he himself faces a likelihood, as opposed to some anecdotal evidence or historical evidence. He has presented no evidence that he himself would meet the more stringent standard of a likelihood of persecution. Persecution itself being an extreme form of harm, that's not simply discrimination or harassment. Petitioner, neither has Petitioner. I think you just answered the question that I asked you a moment ago then. That is to say, the Board nowhere says he's ineligible for asylum on the merits because of persecution and so on. But it does say he's ineligible for withholding of removal on the merits because of lack of persecution. The Board, as to asylum, only says he's ineligible for asylum because of the aggravated felony. Correct. And I ask you, okay, or at least I'll ask it a little more fully, if we disagree with you and with the Board as to the consequence of the conviction, and the only way we can sustain the denial of asylum is on the merits of the asylum claim, can we infer from the Board's decision that he doesn't meet the standard of withholding of removal that he also doesn't meet the standard for asylum? No. Let me just lay out that. I think your answer should be yes. Withholding of removal is a more stringent standard. Withholding of removal requires a likelihood of persecution. Asylum only requires a well-founded fear of future persecution. It's a lesser standard. So if you are unable to satisfy withholding of removal, you're not necessarily unable to satisfy asylum. A lot of asylum applicants wouldn't be able to. So even though the Board says we agree with the EIJ, did the respondent fail to demonstrate that he suffered past persecution? Right. You can establish eligibility for asylum based on either past persecution or a well-founded fear of future persecution. I got it. Okay. No, you're playing it absolutely straight. Anyway, here petitioner is removable. As a lawful permanent resident, he's removable for having been convicted of an aggravated felony. That finding is integral to this opinion. His conviction for an aggravated felony is what renders him removable, and his ineligibility for asylum and cancellation flows from that. But we submit that his conviction is categorically an aggravated felony that is a theft offense, including receipt of stolen property. It's consistent with Board precedent as well as Ninth Circuit precedent, and we submit that no record evidence compels reversal of the Board's determination that petitioner is ineligible for withholding removal and CAP protection. Thank you very much. Thank you, counsel. Case just argued will be submitted.
judges: Reinhardt, Fletcher W. , Rawlinson